IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BERNAL WOODS,     )<br>                                )<br>    Petitioner,              )<br>                                )<br>v.                              )<br>                                )<br>UNITED STATES OF AMERICA,       )<br>                                )<br>    Respondent.               )  | No. 1:19-cv-01148-STA-jay |

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Christopher Bernal Woods has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (ECF No. 1.) For the following reasons, the Petition is **DENIED**.

BACKGROUND

In October 2017, a grand jury for the Western District of Tennessee charged Woods with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*United States v. Woods*, No. 1:17-cr-10095-STA-1 (W.D. Tenn.) ECF No. 2.) The Defendant subsequently entered into a plea agreement with the Government. (*Id.*, ECF No. 25.) By that document, Woods agreed to plead guilty to the sole count of the indictment and waive his right to appeal his sentence, except in limited circumstances. He acknowledged that he "underst[ood] that sentencing is solely within the discretion of [the] Court[.]" (*Id.*, ECF No. 25 at 5.)   The

Government agreed to move for and recommend reductions in the Defendant's offense level for acceptance of responsibility and to dismiss the remaining counts.

At the change of plea hearing, the undersigned conducted the Rule 11 colloquy, *see* Fed. R. Crim. P. 11, making certain that the Defendant understood the charge to which he was pleading guilty, the statutory penalties, the rights he was giving up by pleading guilty, and the basics of sentencing. (*Id.*, ECF No. 40.) The prosecutor provided the factual basis for the plea. Woods confirmed that he entered into the plea agreement freely and voluntarily following review of the plea agreement with his attorney and that he was in fact guilty of the crime to which he was confessing.

In anticipation of sentencing, the United States Probation Office prepared the presentence report (the "PSR"). (*Id.*, ECF No. 34.) The PSR calculated a base offense level of 26, pursuant to § 2K2.1(a)(1) of the United States Sentencing Commission *Guidelines Manual* (the "Guidelines" or "U.S.S.G."). (*Id.*, ECF No. 34 at 5.) Section 2K2.1 provides sentencing guidance for federal firearms and ammunition offenses. *See* U.S.S.G. § 2K2.1. Subsection (a)(1) advises a base offense level of 26 if the offense involved a "firearm that is described in 26 U.S.C. § 5845(a) . . . and . . . the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."[1] U.S.S.G. § 2K2.1(a)(1). The PSR advised that the offense level of 26 applied in Woods's case because the firearm seized had a "barrel length of . . . 16 3/8 inches," and the offense to which he pleaded guilty was committed subsequent to his sustaining two Tennessee convictions for possession of

---

[1] In relevant part, § 5845(a) defines "firearm" as "a shotgun having a barrel or barrels of less than 18 inches in length." 26 U.S.C. § 5845(a).

2

methamphetamine with intent to manufacture, deliver, or sell, in violation of Tenn. Code Ann. § 39-17-417(a)(4).[2] (*Id.*, ECF No. 34 at 5.) Four points were added under U.S.S.G. § 2K2.1(b)(6)(B) on the basis that "the defendant used or possessed [the] firearm . . . in connection with another felony offense[.]" (*Id.*, ECF No. 34 at 6.) Three points were subtracted for the Defendant's acceptance of responsibility. With a total offense level of 27, and a criminal history category of IV, the Guidelines imprisonment range was calculated to be 100-120 months.

Defense counsel filed a position paper in response to the PSR's recommendations. (*Id.*, ECF No. 32.) He argued, among other things, that "[t]he facts and circumstances of this case do not justify a 4 level increase [in the offense level] in that the firearm was not ever used or possessed in connection with either the marijuana in the living room or the small amount of residue in the four bags in the drawer." (*Id.*, ECF No. 32 at 2.)

At the sentencing hearing, the Government called Sgt. Roy Turner of the Brownsville Police Department as a witness in support of its position that the four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) applied. (*Id.*, ECF No. 41 at 15-27.) The undersigned "conclude[d] that the enhancement [did] apply in this case." (*Id.*, ECF No. 41 at 34.) The resulting Guidelines range was found to 100-125 months, restricted to the statutory maximum of 120 months. The attorney for the Government indicated that he had no objection to a sentence at the low end of the range. Upon consideration of the parties' arguments, the advisory range, and the sentencing factors set forth in 18 U.S.C. § 3553(a),[3] the undersigned imposed a bottom-of-the-range sentence of 100

---

[2] Petitioner does not dispute the nature of his Tennessee convictions. The Government has nevertheless submitted state court documents establishing that the convictions were for possession of methamphetamine with intent to manufacture, deliver, or sell, in violation of Tenn. Code Ann. 39-17-417. (*See* ECF No. 11-1 & 11-2.)

3

months' incarceration, to be followed by two years of supervised release. Judgment was entered on July 24, 2018. No appeal was taken.

## DISCUSSION

Woods filed the Petition on July 19, 2019. The pleading asserts that counsel rendered ineffective assistance by failing to object at sentencing to the use of Petitioner's prior Tennessee drug convictions to qualify him for a base offense level of 26 under U.S.S.G. § 2K2.1(a)(1) (Claim 1), and by failing to advise him during the plea stage that his prior Tennessee convictions were not predicate offenses for purposes of that Guidelines provision (Claim 2). Respondent United States of America filed a Response to the Petition on November 6, 2019, as well as an affidavit from counsel and documents from Petitioner's Tennessee criminal cases. (ECF No. 11, 11-1, 11-2, 11-3.) The Government argues that the claims should be denied because they are without merit. On March 4, 2020, Petitioner filed a Reply. (ECF No. 14.) He reiterates his position that counsel rendered ineffective assistance.

Upon consideration of the parties' submissions and the record in the underlying criminal case, the Court determines that Petitioner's claims are unsupportable. No evidentiary hearing is needed.

---

[3] Pursuant to 18 U.S.C. § 3553(a), a court must reach an appropriate sentence by considering "the kinds of sentence and the sentencing range" under the advisory Guidelines and "policy statements," as well as the following additional factors: "the nature and circumstances of the offense and the history and characteristics of the defendant; . . . the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[,] . . . to afford adequate deterrence to criminal conduct[,] . . . to protect the public from further crimes of the defendant[,] and . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).

4

**I.      Legal Standards**

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted). "In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required," however, "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* A petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel alleges an error of constitutional magnitude cognizable in a § 2255 proceeding. *See id.* Such a claim is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 966. To succeed on an ineffective-assistance claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted).

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

*Strickland*'s two-part test applies to a claim that counsel was ineffective at the plea stage of the criminal proceedings. *Rodriguez-Penton v. United States*, 905 F.3d 481, 486 (6th Cir. 2018). "Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A petitioner demonstrates prejudice in the plea context by establishing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *id.*

6

at 59, or that, had he been properly advised by counsel during the plea negotiations, he "would have bargained for a more favorable plea." *Rodriguez-Penton*, 905 F.3d at 488. "The test is objective, not subjective." *Plumaj v. Booker*, 629 F. App'x 662, 667 (6th Cir. 2015) (quoting *Pilla v. United States,* 668 F.3d 368, 373 (6th Cir. 2012)). "To obtain relief, [the petitioner] 'must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

## II.     Petitioner's Claims

In Claim 1, Petitioner maintains that counsel rendered ineffective assistance by failing to object at sentencing to the use of his Tennessee possession-with-intent drug convictions to qualify him for a base offense level of 26 under U.S.S.G. § 2K2.1(a)(1). Relying on *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), he argues that the Tennessee offense of possession of a controlled substance with intent to manufacture, deliver, or sell is not a controlled substance offense under the Guidelines because it encompasses attempt crimes. He asserts in Claim 2 that counsel performed deficiently by erroneously advising him during the plea stage "that there were no objections that could possibly be made" to the "guideline range." (ECF No. 1-1 at 8.) He insists that "had counsel fully informed [him] about the" challenge that could have been made to his predicate offenses, he would have rejected the plea offer, "plead[ed] open[,] and still received acceptance of responsibility points and kept all rights to challenge the enhanced guideline range." (*Id.* at 7.)

Respondent argues that the claims are without merit. The Government contends, specifically, that counsel did not perform deficiently at the plea stage or at sentencing because Sixth Circuit case law at the time held that offenses under the Tennessee drug statute, Tenn. Code

7

Ann. § 39-17-417, were controlled substance offenses under the Guidelines. Respondent also maintains that Petitioner cannot show prejudice from counsel's alleged deficient performance at the plea stage because he received two benefits from his negotiated plea: the Government's agreement to move for and recommend offense-level decreases for acceptance of responsibility and its verbal promise to counsel, which it kept at the time of sentencing, to recommend a sentence at the low-end of the Guidelines range. In support, Respondent relies on counsel's affidavit, in which he explains that,

> [t]here was an agreement between the attorney for the government, the Honorable James Powell, and your affiant that Mr. Powell would recommend the low end of the sentencing range. This was a verbal agreement and was supposed to have been committed to writing in a modified plea agreement but was not. The Honorable U.S. Assistant District Attorney James Powell did honor this verbal agreement and Mr. Woods was sentenced at the low end of the sentencing range.

(ECF No. 11-3 at 2.)

As can be seen, both of Petitioner's claims rise or fall on the question of whether Tennessee possession-with-intent is a "controlled substance offense" for purposes of § 2K2.1(a)(1). The issue is easily dispatched.

The Tennessee statute under which Woods was twice convicted provides in relevant part that "[i]t is an offense for a defendant to knowingly . . . [p]ossess a controlled substance with intent to manufacture, deliver or sell the controlled substance." Tenn. Code Ann. § 39-17-417(a)(4). "'Deliver' or 'delivery' means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Tenn. Code. § 39-17-402(6).

The Guidelines define "controlled substance offense" as

8

>an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

To determine if a conviction constitutes a controlled substance offense, a court must "apply a 'categorical' approach," which focuses on the statute under which the petitioner was convicted, rather than the defendant's conduct. *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). If the statute is "divisible," meaning it describes multiple offenses, the court may "employ the 'modified categorical approach.'" *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). That approach permits the examination of "a limited class of documents" from the defendant's prior criminal case in order "to determine which alternative formed the basis of the defendant's . . . conviction." *Id.* (quoting *Descamps*, 570 U.S. at 257). The Supreme Court in *Mathis v. United States*, 579 U.S. 500 (2016), clarified that a statute is divisible if it lists alternative elements, not alternative means of satisfying one or more elements. *Mathis*, 579 U.S. at 505-06. If the statute lists alternative means, then it is "indivisible," and resort to the limited class of documents is prohibited. *Id.* at 504-05.

Under either approach, the "second step" in a court's analysis is to "determine whether the offense, as described either by the entirety of an indivisible statute or by the relevant alternative of a divisible statute, matches §4B1.2(b)'s definition of a 'controlled substance offense.'" *United States v. Pittman*, 736 F. App'x 551, 554 (6th Cir. May 31, 2018). If the elements do not match, the prior conviction is not a controlled substance offense. *Id.* at 555.

9

As discussed above, Petitioner's criminal case was initiated in October 2017 with the filing of the indictment, and it concluded with entry of judgment in July 2018. During the entire pendency of the case, Sixth Circuit case law held that § 39-17-417 categorically described controlled substance offenses. *See United States v. Douglas*, 563 F. App'x 371, 378 (6th Cir. 2014) ("Section 39-17-417 is a categorical controlled substance offense."). In *United States v. Alexander* 686 F. App'x 326 (6th Cir. 2017) (per curiam), which was decided the year before Woods's sentencing, the Sixth Circuit applied *Douglas*'s ruling and held that the Tennessee offense of possession-with-intent-to-sell was "a controlled-substance offense under the career-offender guideline." *Alexander*, 686 F. App'x at 727 (citing *Douglas*, 563 F. App'x at 378).

In 2019, the year after Petitioner's judgment of conviction became final, the Sixth Circuit issued its opinion in *Havis*. In that case, the court, sitting en banc, "decided that [the defendant's] Tennessee conviction for delivery of a controlled substance" under Tenn. Code Ann. § 39-17-417(a)(2) "was *not* a controlled-substance offense under the guidelines." *United States v. Garth*, 965 F.3d 493, 497 (6th Cir. 2020) (emphasis in original) (citing *Havis*, 927 F.3d at 387). The court "reached that result because 'the parties agree[d] that the least culpable conduct' Tennessee delivery proscribes is 'attempted delivery,' but the guidelines' definition covers only the controlled-substance offenses listed in the definition (which are all completed crimes), not the attempted versions of those offenses listed in the Sentencing Commission's commentary." *Id.*

Post-*Havis*, the Sixth Circuit reaffirmed that Tennessee possession-with-intent is a controlled substance offense under the Guidelines. *See United States v. Graham*, 824 F. App'x 332, 335-36 (6th Cir. 2020) (citing *Garth*, 965 F.3d at 497) (defendant's Tennessee conviction for possession of drugs with intent to manufacture, deliver, or sell was categorically a controlled-

10

substance offense under the Guidelines).  The court explained in *Garth* that the possession-with-intent felony "is a completed crime, not an attempted one that *Havis* puts beyond the guidelines' reach."  *Garth*, 965 F.3d at 497.

The argument underlying both of Petitioner's claims is, essentially, that counsel was ineffective by relying on prevailing Sixth Circuit law at the plea and sentencing phases.  It is well-established, however, that an attorney does not perform deficiently by failing to rely on futile arguments.  *See Altman v. Winn*, 644 F. App'x 637, 644 (6th Cir. 2016), ("[T]he failure to make futile objections does not constitute ineffective assistance[.]").  Petitioner has therefore failed to meet the first prong of *Strickland*'s test as to both claims.

He likewise cannot prevail on the second prong.  Had counsel challenged the enhancement at sentencing on the ground that the possession-with-intent convictions were not controlled substance offenses, the Court would have rejected the argument based on existing law in this circuit.  Counsel's conduct at sentencing therefore caused no detriment to his client.  And, for the same reason the argument would have failed at sentencing following the negotiated plea, it would have failed following an open plea.  What is more, Petitioner's belief that an open plea would have allowed him to appeal an adverse ruling before the undersigned and successfully advance his argument before the Sixth Circuit is unsupportable in light of the appellate court's later rejection of the very same argument in *Garth*.  Therefore, by entering an open plea, Petitioner would have forfeited the Government's agreement to recommend a sentence at the low-end of the Guidelines range in a futile bid to avoid the application of § 2K2.1(a)(1).  As the test for prejudice in the plea context is an objective one, *Pilla,* 668 F.3d at 373, Petitioner cannot demonstrate a reasonable

probability that but for counsel's conduct he would have rejected the plea offer and entered an open plea.

Because Woods has failed to establish that counsel was ineffective in the ways alleged in Claims 1 and 2, the claims are **DENIED**.  The Petition is therefore also **DENIED.**  Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2)-(3).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition.  Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[4]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: September 9, 2022.

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.